File No. 00700B-08913-JFG
# Martin Kane & Kuper
ATTORNEYS AT LAW
180 Tices Lane - Bldg B, Suite 200
East Brunswick, New Jersey 08816
(732) 214-1800
(732) 214-0307 (fax)
Attorneys for Defendant, Michael Delanoy

| | |
|---|---|
| **HASSAN CHERRY,**<br><br>*Plaintiff,*<br><br>vs.<br><br>**COUNTY OF MIDDLESEX NEW JERSEY, COUNTY OF MIDDLESEX BOARD OF FREEHOLDERS, MIDDLESEX COUNTY ADULT CORRECTION CENTER, EDWARD CHICCHI, FREEHOLDER(S) ASSIGNED TO AND/OR IN CHARGE OF THE MIDDLESEX COUNTY ADULT CORRECTION CENTER, JOSEPH GRAFFAGNINO, JAMES SHAPIRO, MICHAEL DELANOY, R. CHRISTIANSEN, ARTHUR BROWN, C. BARTH, B. BAVOSA, SCOTT NAPRAVNIK, C. BARTH, M. RODZIEWICZ, PAUL M. DE AMICIS, DEPUTY COURT ADMINISTRATOR ON THE NORTH BRUNSWICK MUNICIPAL COURT, SHERAL ROSSMANN, ADMINISTRATOR OF THE NORTH BRUNSWICK MUNICIPAL COURT, NORTH BRUNSWICK MUNICIPAL COURT, NORTH BRUNSWICK TOWNSHIP, MARY DOES 1-30, JOHN SMITH AND MARY SMITH 1-30,**<br><br>*Defendants.* | **UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY**<br>**Docket No. 3:09cv1499**<br><br>*Civil Action*<br><br>**NOTICE OF MOTION FOR MORE DEFINITE STATEMENT** |

**SIRS:**

PLEASE TAKE NOTICE that the undersigned attorneys for Defendant, Michael Delanoy, will apply to the above-named Court at the United States District Court, Trenton, New Jersey for an Order granting Defendants' Motion for a more definite statement.

PLEASE TAKE FURTHER NOTICE that in support of said motion, plaintiffs shall rely upon the Brief, the Certification of John F. Gillick, Esq. and Exhibits attached to the Certification of John F. Gillick, Esq., submitted herewith and in support of defendant's motion for a more definite statement; and

PLEASE TAKE FURTHER NOTICE that in accordance with Rule 6(d) of the General Rules of this Court, a proposed Order is annexed hereto.

                                            Martin, Kane, Kuper
                                            Attorneys for Defendant, Michael Delanoy

                                            By: _____/s/ John F. Gillick_____
                                                       JOHN F. GILLICK

Dated: December 1, 2009

File No. 00700B-08913-JFG

# Martin Kane & Kuper
ATTORNEYS AT LAW
180 Tices Lane - Bldg B, Suite 200
East Brunswick, New Jersey 08816
(732) 214-1800
(732) 214-0307 (fax)
Attorneys for Defendant, Michael Delanoy

| | |
|---|---|
| **HASSAN CHERRY,** *Plaintiff,* vs. **COUNTY OF MIDDLESEX NEW JERSEY, et. al,** *Defendants.* | **UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY** *Docket No. 3:09cv1499* *Civil Action* **NOTICE OF MOTION FOR MORE DEFINITE STATEMENT** |

---

### BRIEF IN SUPPORT OF DEFENDANT MICHAEL DELANOY'S MOTION FOR MORE DEFINItE STATEMENT

---

***John F. Gillick, Esq.***
Of Counsel and on the Brief

## **STATEMENT OF FACTS**

1. The within matter arises out of a Complaint filed on behalf of plaintiff Hassan Cherry on March 30, 2009. See Complaint, **Exhibit A**.

2. Therein, plaintiff names no less than 13 individuals and five separate public entities, including the Township of North Brunswick and the Middlesex County Adult Correction Center, the employer of the within defendant, Sgt. Michael Delanoy. Id.

3. Under the heading "Statement of Facts," plaintiff states as follows:

> 10. On or about March 28, 2007, as a result of the unlawful conduct of the defendants, one ore [sic] more of them, the plaintiff, Mr [sic] Cherry was illegally attacked, assaulted, battered, abused, degraded, illegally mistreated otherwise was subjected to illegal conuct [sic] and actions of and by the defendants, caused by and was a consequence of the illegal conduct of the defendants, one or more of them.
> ...
> 15. Subsequent to what actually happened on March 28, 2007, the plaintiff, Mr. Cherry, has been subject to retaliation, cruel and unusual punishment, discrimination, and otherwise illegal conduct and actions of and by the defendants, one or more of them.
> ...
> 16. The illegal conduct of the defendants commenced on or about March 28, 2007 in the Township of North Brunswick and continued thereafter.

Id.

4. The Complaint, which contains some 41 counts over 71 pages, provides no further factual discussion. Id.

5. Upon information and belief, plaintiff appears to allege violations of the following:

- Federal Civil Rights:
  1. Generally (First Count);
  2. Due Process (12th and 14th Counts);

   3. Equal Protection (18th and 20th Counts);
   4. First Amendment (26th Count);
   5. Fourth Amendment (Ninth and 27th Count)
   6. Fifth Amendment (28th Count);
   7. Sixth Amendment (29th Count);
   8. Eighth Amendment (30th Count);
   9. Fourteenth Amendment (31st Count);

- State Civil Rights:
  1. Due Process (Second, 13th and 15th Counts);
  2. State Constitution (various) (32nd to 41st Counts);
  3. Equal Protection (19th and 20th Counts);

- Common Law:
  1. False Arrest (Third Count);
  2. False Imprisonment (Fourth Count);
  3. Malicious Prosecution (Fifth Count);
  4. Willful Indifference (Sixth Count);
  5. Gross Negligence (Seventh Count);
  6. Negligence (Eighth Count);
  7. Intentional and Negligent Infliction of Emotional Distress (10th and 11th Counts);
  8. Libel (16th Count);
  9. False Light (17th Count);
  10. Invasion of Privacy (22nd Count); and
  11. Negligent Hiring (23rd and 24th Counts).

Id.

  6. In each of the 41 separate counts, plaintiff does not refer to any specific or individual defendant but rather uses the generic term "defendants." Further, no factual detail is provided as to any count. Id.

## **LEGAL ARGUMENT**

### I. DEFENDANTS ARE ENTITLED TO A MORE DEFINITE STATEMENT SO THAT THEY CAN PROPERLY ASSESS PLAINTIFF'S CLAIMS.

The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is a "'short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). However, the degree of specificity necessary to establish fair notice, and therefore the need to include sufficient factual allegations, depends on context: "Context matters in notice pleading. Fair notice under Rule 8(a)(2) depends on the type of case." Phillips v. Cty. of Allegheny, 515 F.3d 224 (3d Cir. 2008). In the case at bar, the majority of plaintiff's claims involve alleged violations of his civil rights under the United States or New Jersey Constitutions, or of privacy rights at common law.

While heightened pleading is unnecessary, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). This "plausibility" requirement serves not only to weed out claims that do not have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them:

> Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.

Id. at 555-556.

In the case at bar, even a cursory review of plaintiff's Complaint leads only to the conclusion that the grounds for plaintiff's claims remain a mystery, as it contains no factual information as to the alleged liability of any of the defendants. None of the 41 separate counts discuss the facts upon which it is based and the word "defendants" is used generically throughout. Thus, in a case where plaintiff is alleging wrongdoing as against at least five public entities and numerous public employees, the individual defendants are unable to ascertain which allegations refer specifically to their conduct.

This is all the more frustrating because the majority of these counts claim violations of either the United States or New Jersey Constitution, allegations to which the individual County defendants may be entitled to the affirmative defense of qualified immunity. Likewise, the remainder of plaintiff's claims are State common-law causes of action to which the notice requirements of New Jersey's Tort Claims Act, N.J.S.A. 59:8-1, et seq. may apply. As such, defendants may be entitled to an early dismissal of those claims as well.

Both qualified immunity and the State notice requirements are defenses which are intended to permit defendants to bring a dismissal motion early in the proceedings so as to avoid the "burdens" associated with forcing a public entity or employee to defend an action that is potentially without merit. Unfortunately, the claims as currently contained in plaintiff's Complaint are so vague and nonspecific in their factual statements that defendants are currently unable to assess them so as to make such a motion.

It must also be noted that the within Complaint is markedly similar to those criticized by this Court in the unrelated matter of Rosenblatt v. City of New Brunswick, No. 09-4054

(MLC). See August 14, 2009 Order, attached as **Exhibit C**. Here, as in Rosenblatt, plaintiff and his counsel have provided a Complaint with poorly-drafted allegations which cannot be analyzed or answered by the defendants. As such, it is hereby requested that this Court grant the within Motion for a More Definite Statement under F.R.C.P. 12(e).

### A. The Availability of Qualified Immunity Requires that Plaintiff Provide A More Definite Statement of the Facts.

The requirement that plaintiff provide enough facts to inform the defendants of the actual grounds of the claim against them has been noted to be especially important in cases where, as here, the individual defendants may be entitled to qualified immunity for their actions. See Robbins v. Oklahoma, 519 F.3d 1242 (10th Cir. 2008). Qualified immunity exists "to protect public officials from the 'broad-ranging discovery' that can be 'peculiarly disruptive of effective government.'" Anderson v. Creighton, 483 U.S. 635, 646 (1987). Not only are defendants entitled to a review of possible qualified immunity "at the earliest possible stage of litigation," id., but defendants are even permitted to immediately appeal the denial of a motion to dismiss on qualified immunity grounds precisely to spare them the ordeal of discovery. Behrens v. Pelletier, 516 U.S. 299, 306 (1996).

In the context of an action involving the alleged violation of constitutional rights

> plaintiffs must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights, and that those rights were clearly established at the time.

Robbins, supra, 519 F.3d at 1249. As the Robbins Court noted, civil rights actions against

individual government employees "pose a greater likelihood of failures in notice and plausibility because they typically include complex claims against multiple defendants." Id. Thus where a Complaint fails to "isolate the allegedly unconstitutional acts of each defendant," that pleading fails to provide "adequate notice as to the nature of the claims against each" defendant. Id. at 1250. Where a plaintiff's Complaint uses

> either the collective term "Defendants" or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed.

Id. It is worth noting that the Robbins Court points specifically to Motions under F.R.C.P. 12(e) seeking a more definitive statement of facts as being helpful in assisting

> the court in determining whether qualified immunity ought to be imposed at this earliest possible stage or whether the complaint is sufficiently plausible that it merits imposition of the burdens of discovery on state actors.

Id. at 1249. As such, it is respectfully submitted this Court grant the within Motion for a More Definitive Statement so that the within defendants can properly evaluate plaintiff's claims and seek qualified immunity in the most timely manner possible.

**B.    A More Definitive Statement Is Needed to Assess Plaintiff's Compliance with the Notice Requirements of the Tort Claims Act.**

In addition to alleged violation of his civil rights under the Federal and State Constitutions, plaintiff's Complaint also alleges claims for defamation, false light, and invasion of his privacy under New Jersey's common law. Unlike the civil rights claims, plaintiff is barred from maintaining these claims if he has failed to file a Notice of Tort Claim

which complies with N.J.S.A. 59:8-1, et seq. The "threshold determination" on a plaintiff's compliance with the notice provisions stems from the legislative intent that New Jersey's Tort Claims Act re-established the general rule of immunity, Vincitore v. Sports & Expo. Auth., 169 N.J. 119, 124 (2001), and it has been consistently held that "immunity is the dominant consideration of the Act." Rochinsky v. State of New Jersey Department of Transportation, 110 N.J. 399, 408 (1988) (quoting Kolitch v. Lindedahl, 100 N.J. 485, 498 (1985) (O'Hern, J., concurring)); accord Birchwood Lakes Country Club v. Medford Lakes, 90 N.J. 582, 596 (1982). "The Legislature specifically provided that a court should first determine 'whether an immunity applies and if not, should liability attach.'" Rochinsky, supra, 110 N.J. at 408 (citing Malloy v. State, 76 N.J. 515, 521 (1978)).

Perhaps the broadest immunity found under the Tort Claims Act is the procedural prerequisites of N.J.S.A. 59:8-1, et seq., which states that "[n]o action shall be brought against a public entity" unless a proper Notice of Claim has been presented within 90 days or risk being "forever barred from recovering against a public entity or public employee." N.J.S.A. 59:8-3, -8a. The legislative purposes behind the notice requirements are to allow an early administrative review and settlement of meritorious claims pre-suit; to enable a prompt investigation of the facts and preparation of a defense; to allow correction of the conditions or practices giving rise to the claim; and to inform the entity of possible indebtedness or liability. Beauchamp v. Amedio, 164 N.J. 111, 121-22 (2000).

While our Courts have held that deficient notices of claims may be saved under the "substantial compliance" doctrine, they must still "substantially satisf[y] the purposes for

which notices of claims are required." Lameiro v. West New York Bd. of Ed., 136 N.J. Super. 585, 588 (Law Div. 1975); Guerro v. City of Newark, 216 N.J. Super. 66, 70-74 (App. Div. 1997). The information mandated under N.J.S.A. 59:8-4 is

> designed to provide the public entity with sufficient information to enable it promptly to evaluate its liability and potential exposure and, if it chooses, to correct a defective condition and also to engage in settlement negotiations prior to the commencement of suit.

Newberry v. Twp. of Pemberton, 319 N.J. Super. 671, 675 (App. Div. 1999) (internal citations omitted). While a public entity may certainly seek additional information from the claimant pursuant to N.J.S.A. 59:8-6, a plaintiff is obligated to provide, at a minimum, the information mandated under N.J.S.A. 59:8-4. Id. at 675-76.

As the Newberry Court noted, the information sought in that statute is "the primary information the notice is intended to provide in order to permit the public entity promptly to investigate the claim." Id. at 680. Among that primary information is "[t]he date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted." N.J.S.A. 59:8-4(c). In examining this subsection, it has been noted that "at the very least" a claimant's notice "must give some indication of the asserted basis of the public entity's liability." Newberry, supra, 319 N.J. Super. at 680.

In the within matter, a review of plaintiff's Complaint fails to provide a factual statement sufficient to allow an assessment of its approximately 41 counts as they relate to any individual defendant. Not only do the defendants have a right to know the precise allegations against them so that qualified immunity can be assessed, but this information will also help determine whether plaintiff can sustain his common-law claims in light of the

Notice of Tort Claim filed by him. That is, if the notice provided does not contain facts sufficient to put the public entities on notice of potential liability under the common-law tort asserted in the Complaint, than those common-law claims cannot proceed, as the defendant entity was deprived of its opportunity to investigate, assess potential liability, or take any corrective action. As plaintiff's Complaint is currently drafted, the defendants are unable to make such an assessment and, as such, it is respectfully requested that this Court hereby grant the within Motion for a More Definite Statement.

## **CONCLUSION**

For the foregoing reasons, it is respectfully requested that this Court grant the within Motion for a More Definite Statement.

Respectfully submitted,

/s/ John F. Gillick

JOHN F. GILLICK

Dated:     December 1, 2009

**MARTIN KANE & KUPER**
ATTORNEYS AT LAW
180 Tices Lane - Bldg B, Suite 200
East Brunswick, New Jersey 08816
(732) 214-1800
(732) 214-0307 (fax)
Attorneys for Defendant, Michael Delanoy

| | |
|---|---|
| **HASSAN CHERRY,**  *Plaintiff,*  vs.  **COUNTY OF MIDDLESEX NEW JERSEY, COUNTY OF MIDDLESEX BOARD OF FREEHOLDERS, MIDDLESEX COUNTY ADULT CORRECTION CENTER, EDWARD CHICCHI, FREEHOLDER(S) ASSIGNED TO AND/OR IN CHARGE OF THE MIDDLESEX COUNTY ADULT CORRECTION CENTER, JOSEPH GRAFFAGNINO, JAMES SHAPIRO, MICHAEL DELANOY, R. CHRISTIANSEN, ARTHUR BROWN, C. BARTH, B. BAVOSA, SCOTT NAPRAVNIK, C. BARTH, M. RODZIEWICZ, PAUL M. DE AMICIS, DEPUTY COURT ADMINISTRATOR ON THE NORTH BRUNSWICK MUNICIPAL COURT, SHERAL ROSSMANN, ADMINISTRATOR OF THE NORTH BRUNSWICK MUNICIPAL COURT, NORTH BRUNSWICK MUNICIPAL COURT, NORTH BRUNSWICK TOWNSHIP, MARY DOES 1-30, JOHN SMITH AND MARY SMITH 1-30,**  *Defendants.* | **UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY Docket No. 3:09cv1499**  *Civil Action* |

This matter having been opened to the Court by John F. Gillick, Esq., of Martin Kane & Kuper, attorneys for defendant, Michael Delanoy, on Notice of Motion for a more definite statement, and it appearing to the Court that due notice of this Motion has been given to all counsel of record, and the Court having considered the matter; and good cause appearing;

**IT IS** on this _____ day of _____, 2010

**ORDERED** that the Motion for a More Definite Statement is hereby and shall be granted in favor of Defendant, Michael Delanoy; and it is further

**ORDERED** that plaintiff provide a modified copy of the original Complaint within _____ days of his receipt of this Order; and it is further

**ORDERED** that a true copy of this Order shall be served upon all counsel within seven (7) days of the date hereof.

_____
J.S.C.

_____ (Opposed)

_____ (Unopposed)